FILED
U.S. District Court
District of Kansas

JAN 11 2024

Clerk, U.S. District Court
By cm Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> **Plaintiff,** <br> **v.** <br> **LARRY D. TRIPLETT, III,** <br> **Defendant.** | **Case No. 6:23-cr-10041-EFM-06** |

**PLEA AGREEMENT PURSUANT TO FEDERAL**
**RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)**

The United States of America, by and through Assistant United States Attorney Lanny D. Welch, and Larry D. Triplett, III, the defendant, personally and with his counsel, Thomas Johnson, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment charging a violation of 21 U.S.C. § 846, that is, Drug Conspiracy (Fentanyl). By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Second Superseding Indictment to which he has agreed to plead guilty is not less than 10 years of imprisonment and not more than Life, a $10,000,000 fine, not less than 5 years of supervised release, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On or about May 27, 2022, Larry D. Triplett, III, the defendant, came to an agreement with one or more people charged in this conspiracy to assist in the distribution of Fentanyl. On May 27, 2022, ATF agents, through a confidential source (CS), placed an order with a member of this conspiracy for 500 Fentanyl pills for $2,750.

At approximately 1:20 p.m. on May 27, 2022, the defendant arrived at the meet location, a parking lot near the intersection of west Kellogg Drive and Ridge Road in Wichita, Kansas. When Triplett arrived driving a black Chevy Malibu, an ATF undercover agent (UC) entered the Malibu and found Triplett to be the driver and lone occupant. During the transaction the UC asked if he/she could obtain Fentanyl from Triplett in the future without going through Triplett's source. Triplett said that would not be possible because he did not have another source for the pills and, therefore, it would not be possible for Triplett to sell additional pills to the UC on his own. Triplett was dependent on this source, and other members of the conspiracy, for Fentanyl pills.

The UC paid Triplett $2,750 for the 500 pills. The pills were submitted for laboratory analysis and the pills were confirmed to contain Fentanyl. Triplett knew the pills he obtained from another member of the conspiracy and then sold contained Fentanyl and he knowingly distributed them to the UC.

Between April 2022 and October 18, 2022, Triplett obtained, in Wichita, Kansas, more than 400 grams of Fentanyl from one or more members of this conspiracy which he then distributed, or possessed with the intent to distribute.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a) 120 months in prison on Count 1, 21 U.S.C. § 846;

(b) 5 years of supervised release;

(c) no fine; and

(d) the mandatory special assessment of $100.00.

The Court has previously designated this case as complex, pursuant to Title 18, U.S.C. § 3161(h)(7)(B)(ii), because of the substantial number of defendants and the nature of the prosecution. This case charges two separate conspiracies, one involving fentanyl and the other

involving methamphetamine, and multiple counts involving substantial quantities of controlled substances and firearms. The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a).

If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to:

(a) dismiss the remaining counts of the Second Superseding Indictment; the Superseding Indictment and the Indictment at the time of sentencing; and

(b) not file any additional charges against the defendant arising out of the facts forming the basis for the present Second Superseding Indictment.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be

true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea

agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence,

or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12.    **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right

to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this plea agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_______________________________ Date: 1/11/2024

LANNY D. WELCH
Assistant United States Attorney

_______________________________ Date: 1/11/2024

AARON L. SMITH
Chief of the Criminal Division

_______________________________ Date: 1/11/2014

LARRY D. TRIPLETT, III
Defendant

______________________________ Date: 1/11/2024
THOMAS JOHNSON
Counsel for Defendant