# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
**(Topeka Docket)**

**UNITED STATES OF AMERICA,**

      **PLAINTIFF,**

v.                                       **CASE NO. 23-10041-006-EFM**

**LARRY D. TRIPLETT,**

      **DEFENDANT.**

## SENTENCING MEMORANDUM

Mr. Triplett asks the Court to impose a sentence of 10 years, the statutory minimum for his crime of conviction, pursuant to 21 U.S.C. §§ 841(a) 841(b)(1)(A). Mr. Triplett and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) as an appropriate disposition of the case because it brings certainty to the sentencing process and allows the parties to move forward quickly and benefit from their bargain without litigating their respective positions. Mr. Triplett accepted responsibility for his actions and is ready to move forward without further litigation. This case has been designated a complex case. ECF doc. 111. Mr. Triplett and his nine codefendants are charged in a Superseding Indictment with 45 counts and a forfeiture allegation.

**PSR**

The PSR calculates Mr. Triplett total offense level at 29, based on the weight of the drugs and acceptance of responsibility. A total offense level of 29, combined with Mr. Triplett's criminal history category of I, implies a guidelines sentence of 87 to 108 months, which is lower than the 120 month statutory minimum. In cases where the statutory minimum is greater than the maximum of the applicable guideline range, the statutory minimum becomes the guideline term of imprisonment. USSG § 5G1.1(b)  The guidelines suggest that the Court accept an 11(c)(1)(C) plea with a specific sentence under two circumstances: (1) the agreed sentence is within the applicable guidelines range, and (2) the agreed sentence is outside the guidelines range for justifiable reasons and those reasons are set forth with specificity in the statement of reasons form the Court is required to file. Mr. Triplett's 11(c)(1)(C) agreement of 120 months is a guidelines sentence and the Court should accept it as sufficient, but not greater than necessary, to satisfy the purposes of sentencing and fully complies with the sentencing factors outlined in 18 USC 3553(a).

**18 USC 3553(a) Factors**

A guideline sentence of 120 months is justified and consistent with the 18 U.S.C. § 3553(a) factors.

Mr. Triplett is a 25 year old high school graduate. He is an intelligent and personable young man. He hopes to be able to go to a BOP facility that has in-person college course available to him in order for him to pursue a college education.  He has done research on available programs and will ask for the

court's recommendation at the time of sentence to a BOP facility that he believes will best allow him to further his education.

**The purposes of sentencing**. 18 U.S.C. 3553(a)(2) (A)-(D).

Congress has indicated that the sentence must reflect the seriousness of the offense and respect for the law, afford adequate deterrence to the criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed rehabilitation and training.

A sentence of 120 months is a guidelines sentence and the minimum sentence for conviction of his crime. It acknowledges the seriousness of the offenses because it is within the range of penalties Congress authorized for the crime of conviction and it promotes respect for the law.

**Rehabilitation**

Mr. Mr. Triplett is capable of rehabilitation.  Congress requires the courts to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D); *Tapia v. United States*, 564 U.S. 319, 328, 131 S. Ct. 2382, 180 L.Ed.2d 357 (2011). Congress further stated that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). The federal prison system is in crisis, suffering from years of unsustainable population increases, the high cost of housing inmates, and high rates of recidivism for offenders released from prison after serving terms in institutions where too few programs or vocational opportunities are available. The BOP is severely limited in its ability to provide

rehabilitation and treatment in the most effective manner, as demanded by Congress. Courts may recommend programs and training for defendants, but are without power to order the BOP to provide defendants with programs and vocational opportunities. 18 U.S.C. 3621(e). Mr. Triplett is hopeful that he will be able to benefit from educational opportunities offered by the BOP, including in-person college course work.

### **Unwarranted Sentencing Disparities**

Subsection (a)(6) of 18 U.S.C. 3553(a) requires the court to consider unwarranted sentencing disparities in determining a particular defendant's sentence. A sentence of 120 months is within the framework provided by the statute and consistent with the guidelines and Mr. Triplett's offense.

### **Conclusion**

Mr. Triplett asks the court to sentence him to the 120 months as agreed with the government in his plea agreement.

                                                  Respectfully submitted,

/s/ Thomas H. Johnson\
Thomas H. Johnson #13688\
Petefish, Immel, Hird, Johnson,\
& Leibold, LLP\
842 Louisiana\
Lawrence, Kansas 66044\
Phone: (785) 843-0450\
Fax:    (785) 843-0407\
Email: tjohnson@petefishlaw.com\
Attorney for Larry Triplett

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March, 2024, I electronically filed the foregoing Sentencing Memorandum with the clerk of the court using the CM/ECF system.

/s/ Thomas H. Johnson
Thomas H. Johnson
Petefish, Immel, Hird, Johnson
& Leibold, LLP
842 Louisiana
Lawrence, Kansas 66044
Phone: (785) 843-0450
Fax:     (785) 843-0407
Email: tjohnson@petefishlaw.com
